IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KORRION V. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHAMPAIGN COUNTY, UNKNOWN CHAMPAIGN COUNTY SHERIFFS, CHAMPAIGN COUNTY ASSISTANT STATE'S ATTORNEYS MATTHEW J. HAM, JANIE MILLER-JONES, CITY OF CHAMPAIGN, UNKNOWN CITY OF CHAMPAIGN POLICE OFFICERS, AND OTHER UNKNOWN OFFICERS, PROSECUTORS, AND CIVILIANS WHOSE IDENTITIES ARE PRESENTLY UNKNOWN TO PLAINTIFF ALL INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES. | ) ) ) ) ) ) ) ) ) |
| | ) Jury Demand |
| Defendants. | |

**COMPLAINT**

1. Plaintiff Korrion Taylor, by his undersigned attorney, complains of Defendants, Champaign County, Unknown Champaign County Sheriffs, Champaign County Assistant State's Attorneys Matthew J. Ham, Janie Miller-Jones, City of Champaign, Unknown City of Champaign Police Officers, and unknown officers, prosecutors and civilians whose identities are presently unknown to plaintiff, all individually and in their official capacities, (collectively, "Defendant Sheriffs and Officers"), as follows:

**INTRODUCTION**

2. Korrion Taylor was convicted of knowingly and unlawfully possess with the intent to deliver one gram or more, but less than fifteen grams, of a substance containing cocaine, a controlled substance, pursuant to 720 570/401(d)(i).

3. Plaintiff was sentence to three (3) years and spent 15 months in prison before he was ultimately released.

1

4. Defendant Sheriffs and Officers accused Plaintiff of possessing cocaine, but it was baking soda.

5. The Defendant Sheriffs, Officers, and State's Attorneys failed to test the substance and hid exculpatory evidence that would have conclusively proven Plaintiff's innocence prior to Plaintiff being forced to make a guilty plea and being incarcerated.

6. Although Plaintiff has won back his freedom, he will never regain the time lost in his life. This lawsuit seeks redress for those injuries.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

8. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## THE PARTIES

9. At all times relevant hereto Plaintiff Korrion Taylor was a resident of Champaign, Illinois.

10. At all times relevant hereto, Defendants Unknown Sheriffs were Champaign County Sheriffs in the Champaign County Sheriff's Office. All are sued in their individual capacities and acted under color of law and within the scope of their employment during the investigation of the unlawful possession of cocaine at issue.

11. At all times relevant hereto Champaign County was an Illinois municipal corporation and was the employer of each of the Defendant Champaign County Sheriff's Officers,

Sheriffs, State's Attorney Julia R. Rietz, and Assistant State's Attorneys Matthew J. Ham, Janie Miller-Jones.

12. At all times relevant hereto, Champaign County State's Attorney, Julia R. Rietz and Assistant State's Attorneys Matthew J. Ham, Janie Miller-Jones were attorneys working in the Champaign County State's Attorney's Office.

13. At all times relevant hereto, Defendant Officers were City of Champaign Police Officers in the City of Champaign Police Department. All are sued in their individual capacities and acted under color of law and within the scope of their employment during the investigation of the unlawful possession of cocaine at issue.

14. At all times relevant hereto, Defendant City of Champaign is an Illinois municipal corporation. The City of Champaign is the employer of each of the Defendant Unknown Police Officers.

**ALLEGATIONS**

15. On April 25, 2019, Plaintiff who at the time was 22 years old resided in Champaign, where he had lived his entire life with his family.

16. He has two children who he supported and he worked at First Followers.

17. On April 25, 2019, Plaintiff was on his way to school and as he walked out the door, his parole officer and members of the streets crime task force detained him and told him he was subjected for a parole authorized search.

18. During the search they took him into another room of his home and proceeded to search the common areas of the residence.

19. After about twenty (20) minutes of searching, Plaintiff heard one of the detectives holler out loud "I found the cocaine."

20. Officers allegedly stated they found a bag containing suspected cocaine in a potted plant in living room, not Plaintiff's room or where he slept.

21. Plaintiff told the officers that it was not cocaine, but baking soda.

22. Afterwards that they came to question Plaintiff and he told them that is was baking soda, not cocaine.

23. The detectives field tested the substance for about ten (10) minutes and told Plaintiff it tested positive for cocaine and weighed 10.7 grams, but this was false.

24. Plaintiff told them they were making a mistake.

25. The officers mentioned DCFS so Plaintiff stayed quiet because he did not want his kids to get taken away from him.

26. They told Plaintiff that because of the amount he was going to jail for a long time.

27. Plaintiff was scared because he knew the whole time he was going to jail for no reason and they were taking him away from his family and school.

28. The detectives used their authority to scare Plaintiff into believing that they actually found cocaine even though Plaintiff told them it was not.

## PLAINTIFF'S WRONGFUL CONVICTION

29. There was no physical evidence that indicated the substance was cocaine.

30. The detectives intimidated Plaintiff from the onset, scared him, and he felt that he had no other choice than to make a plea of guilty.

31. As a result of the Defendant Sheriffs and Officers' misconduct, Plaintiff was wrongfully convicted of knowingly and unlawfully possess with the intent to deliver a substance containing cocaine, pursuant to 720 570/401(d)(i) and was sentenced to prison.

32. Plaintiff did not possess any cocaine and he is completely innocent.

33. Plaintiff was coerced to take 3 years in prison at 50%.

34. He spent about 15 months in prison, two (2) of those months were spent in Statesville.

35. Plaintiff spent 24 hours in a cell for 6 days out the week and was allowed one (1) 10-minute call and (1) shower per week.

36. In the summertime the heat was extremely dangerous in cells and they had to bring the prisoners buckets of ice just to keep cool because there was no air conditioning.

37. Plaintiff spent 70 days in a closet like cell while in NRC and rats went in and out of his cell.

38. Plaintiff heard people screaming for help late at night.

39. After Plaintiff's time in Statesville, he was sent to Danville Correctional where he finished his sentenced.

## PLAINTIFF'S EXONERATION

40. On or around July 29, 2021, the State moved to dismiss and vacate the charges against Plaintiff.

41. On July 30, 2021, Judge Randall B Rosenbaum granted the State's Motion and the judgment in Case Number 2019-CF-599 was vacated, and the cause was dismissed without prejudice. Any outstanding warrants in this matter were also quashed.

42. Plaintiff was released.

## PLAINTIFF'S DAMAGES

43. Plaintiff spent 15 months in prison for a crime that he did not commit.

44. Plaintiff must now attempt to make a life for himself outside of prison without the benefit of years of life experiences, which normally equip adults for that task.

45. Additionally, the emotional pain and suffering caused by losing 15 months in the prime

of his life has been substantial.

46. During his wrongful incarceration, Plaintiff was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right.

47. He missed out on the ability to share holidays, births, funerals and other life events with loved ones, the opportunity to fall in love and marry and to pursue a career, and the fundamental freedom to live one's life as an autonomous human being.

48. Plaintiff's months of wrongful incarceration forced him into a world of isolation in which he some contact with his friends and family in the outside world.

49. As a result of the foregoing, Plaintiff has suffered tremendous damage, including physical sickness and injury and emotional damages, all proximately caused by Defendants' misconduct.

**COUNT I – 42 U.S.C. § 1983**
**Fifth and Fourteenth Amendments**

50. Each paragraph of this Complaint is incorporated as if restated fully herein.

51. In the manner described more fully above, the Defendant Sheriffs and Officers, individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, forced Plaintiff to take a plea by threatening to take his children away from him and by forcing him to believe the substance they found was cocaine, in violation of his rights secured by the Fifth and Fourteenth Amendments.

52. The Defendant Sheriffs and Officers conducted an unconstitutional interrogation of Plaintiff, which caused Plaintiff to make involuntary statements implicating himself.

53. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others,

and in total disregard of the truth and Plaintiff's clear innocence.

54. As a result of Defendants' misconduct described in this Count, Plaintiff suffered injuries, including but not limited to physical injury and sickness, loss of liberty, and emotional distress.

### COUNT II – 42 U.S.C. § 1983
### Violation of Due Process

55. Each paragraph of this Complaint is incorporated as if restated fully herein.

56. As described more fully above, all of the Defendant Sheriffs and Officers, while acting individually, jointly, and/or in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

57. In the manner described more fully above, the Defendant Sheriffs and Officers, individually, jointly, and/or in concert and in conspiracy, fabricated false reports and other evidence, and/or deliberately withheld exculpatory evidence.

58. In doing so, the Defendants violated their clearly established duty to report all material exculpatory and impeachment information to prosecutors.

59. Absent Defendants' misconduct, the prosecution of Plaintiff could not and would not have been pursued, and Plaintiff would not have been convicted.

60. The Defendants' misconduct directly and proximately resulted in the unjust and wrongful criminal conviction of Plaintiff and his continuing wrongful imprisonment, thereby denying him his constitutional right to a fair trial, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

61. As a direct and proximate result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries, including but not limited to loss of liberty, physical sickness, and emotional distress.

62. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established constitutional rights.

### COUNT III- 42 U.S.C. § 1983
### Fourth Amendment

63. Each paragraph of this Complaint is incorporated as if restated fully herein.

64. As described more fully above, all of the Defendant Sheriffs and Officers, while acting individually, jointly, and/or in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional rights.

65. In the manner described more fully above, the Defendant Sheriffs and Officers, individually, jointly, and/or in concert and in conspiracy, caused Plaintiff to be continuously detained and wrongfully imprisoned in state custody from the date of his arrest in 2019 until his exoneration and release on July 30, 2021.

66. In so doing, Defendants caused Plaintiff to be unreasonably seized, due to the fact that there was no probable cause for his detention.

67. Absent Defendants' misconduct, the detention and prosecution of Plaintiff could not and would not have been pursued, and Plaintiff would not have been convicted.

68. The Defendants' misconduct directly and proximately resulted in the unjust and wrongful detention and wrongful imprisonment of Plaintiff in the absence of probable cause, in violation of the Fourth Amendment to the United States Constitution.

69. As a direct and proximate result of this violation of his constitutional right not to be detained or imprisoned without probable cause, Plaintiff suffered injuries, including but not limited to loss of liberty, physical sickness, and emotional distress.

70. The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally and with indifference to Plaintiff's clearly established constitutional rights.

### COUNT IV – 42 U.S.C. § 1983
### Failure to Intervene

71. Each paragraph of this Complaint is incorporated as if restated fully herein.

72. In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

73. As a direct and proximate result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered injuries, including but not limited to loss of liberty, physical harm, and emotional distress. These Defendants had a reasonable opportunity to prevent this harm but failed to do so.

74. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established constitutional rights.

### COUNT V – 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights

75. Each paragraph of this Complaint is incorporated as if restated fully herein.

76. Before and after Plaintiff's arrest, the Defendant Sheriffs and Officers, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert in order to deprive Plaintiff of his constitutional rights, including his rights to due process and to a fair trial, all as described in the various paragraphs of this Complaint.

77. Additionally, before and after Plaintiff's conviction, the Defendant Sheriffs and Officers

further conspired to deprive Plaintiff of exculpatory information to which he was lawfully entitled and which would have led either to his not being charged, his acquittal, or his timelier exoneration.

78. In this manner, the Defendant Sheriffs and Officers, acting in concert with other unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

79. In furtherance of the conspiracy, each of the co-conspirators engaged in and facilitated numerous overt acts, including but not limited to those set forth above such as fabricating evidence, withholding exculpatory evidence, coercing false confessions, committing perjury during hearings and trials and was an otherwise willful participant in joint activity.

80. As a direct and proximate result of the illicit prior agreement and actions in furtherance of the conspiracy referenced above, Plaintiff's rights were violated, and he suffered injuries, including but not limited to loss of liberty, physical sickness, and emotional distress.

81. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and deliberate indifference to Plaintiff's rights.

### COUNT VI – 42 U.S.C. § 1983
### Monell Policy Claims

82. Each paragraph of this Complaint is incorporated as if restated fully herein.

83. The actions of all the individual Defendant Sheriffs and Officers were undertaken pursuant to policies and practices of the Sheriff's Office and Police Department, described above, which were ratified by policymakers with final policymaking authority.

84. These policies and practices included the failure to adequately train, supervise, and discipline officers who engaged in the alleged constitutional violations, as set forth in greater detail above.

85. The policies and practices described in this Count were maintained and implemented by the Sheriff's Office and Police Department with deliberate indifference to Plaintiff's constitutional rights.

86. As a direct and proximate result of the Sheriff's Office and Police Department' actions, Plaintiff's constitutional rights were violated and he suffered injuries and damages, as set forth in this Complaint.

87. The Sheriff's Office and Police Department are therefore liable for the misconduct committed by the Defendant Sheriffs and Officers.

## COUNT VII – State Law Claim Malicious Prosecution

88. Each paragraph of this Complaint is incorporated as if restated fully herein.

89. The Defendant Sheriffs, Police Officers, and Champaign County Assistant State's Attorneys Matthew J. Ham, and Janie Miller-Jones, accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they made statements to prosecutors with the intent of exerting influence and to institute and continue the judicial proceedings.

90. The Defendant Sheriffs, Police Officers, and Champaign County Assistant State's Attorneys Matthew J. Ham, and Janie Miller-Jones, caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

91. These judicial proceedings were instituted and continued maliciously, resulting in injury.

92. Statements of the Defendant Sheriffs, Police Officers, and Champaign County Assistant

State's Attorneys Matthew J. Ham, and Janie Miller-Jones, regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured.

93. The Defendant Sheriffs and Officers fabricated evidence that Plaintiff possessed cocaine and the Champaign County Assistant State's Attorneys Matthew J. Ham and Janie Miller-Jones withheld exculpatory evidence that would have demonstrated Plaintiff's absolute innocence such as testing or the testing results of the alleged substance.

94. The Defendants were aware that, as described more fully above, no true or reliable evidence implicated Plaintiff in possessing cocaine.

95. The Defendant intentionally withheld and misrepresented facts that further vitiated probable cause against Plaintiff, as set forth above, and failed to investigate evidence.

96. The Defendant Sheriffs and Officers withheld the facts of their manipulation and the resulting fabrications from Plaintiff.

97. Champaign County Assistant State's Attorneys Matthew J. Ham and Janie Miller-Jones failed to investigate or test the alleged substance to see if it was in fact cocaine prior to accusing Plaintiff of committing a crime, offering a plea deal, recommending a sentence to the court.

98. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

99. On July 30, 2021, the prosecution terminated in Plaintiff's favor when his conviction was vacated.

100. As a direct and proximate result of this misconduct, Plaintiff sustained, and continues to sustain, injuries as set forth above, including physical sickness and emotional distress.

### COUNT VIII – State Law Claim Intentional Infliction of Emotional Distress

101. Each paragraph of this Complaint is incorporated as if restated fully herein.

102. The acts and conduct of the Defendant Sheriffs, Officers, and Champaign County Assistant State's Attorneys Matthew J. Ham and Janie Miller-Jones as set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

103. As a direct and proximate result of the Defendant Sheriffs, Officers, and Champaign County Assistant State's Attorneys Matthew J. Ham and Janie Miller-Jones' actions, Plaintiff suffered and continues to suffer physical sickness and severe emotional distress.

### COUNT IX – State Law Claim Civil Conspiracy

104. Each paragraph of this Complaint is incorporated as if restated fully herein.

105. As described more fully in the preceding paragraphs, the Defendant Sheriffs and Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

106. In furtherance of the conspiracy, the Defendant Sheriffs and Officers committed overt acts and were otherwise willful participants in joint activity including but not limited to the malicious prosecution of Plaintiff and the intentional infliction of emotional distress upon him.

107. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of others.

108. As a direct and proximate result of the Defendants' conspiracy, Plaintiff suffered

damages, including physical sickness and severe emotional distress, as is more fully alleged above.

## COUNT X – State Law Claim Respondeat Superior

109. Each paragraph of this Complaint is incorporated as if restated fully herein.

110. In committing the acts alleged in the preceding paragraphs, each of the Defendant Sheriffs, Officers, and Champaign County Assistant State's Attorneys Matthew J. Ham and Janie Miller-Jones were members of, and agents of, Champaign County and City of Champaign, acting at all relevant times within the scope of their employment and under color of law.

111. Defendants Champaign County and City of Champaign are liable as principals for all torts committed by its agents.

## COUNT XI – State Law Claim Indemnification

112. Each paragraph of this Complaint is incorporated as if restated fully herein.

113. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

114. The Defendant Sheriffs, Officers, and Champaign County Assistant State's Attorneys Matthew J. Ham and Janie Miller-Jones are employees of the Defendants Champaign County and City of Champaign, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Korrion Taylor, respectfully requests that this Court enter judgment in his favor and against Champaign County, Unknown Champaign County Sheriffs, Champaign County Assistant State's Attorneys Matthew J. Ham, Janie

Miller-Jones, City of Champaign, Unknown City of Champaign Police Officers, and unknown officers, prosecutors and civilians whose identities are presently unknown to plaintiff, all individually and in their official capacities, (collectively, "Defendant Sheriffs and Officers"), awarding compensatory damages, attorneys' fees, and costs against each Defendant, and punitive damages against each of the individual Defendants, as well as any other relief this Court deems appropriate.

## JURY DEMAND

115. Plaintiff, KORION TAYLOR, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: August 1, 2022,                                Respectfully submitted,

/s/ Danielle A. Pinkston
_____

**PINKSTON LAW GROUP, P.C.**
Danielle A. Pinkston

Danielle A. Pinkston
Attorney for: Korrion V. Taylor
54 North Ottawa Street, Suite #110
Joliet, IL. 60432
Office: (773) 770-4771
Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com